THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| REBECCA BRANDI-VANMETER, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MP2 ENTERPRISES, LLC; BRYANT PETERSON; LAYNE PETERSON; DOE CORPORATIONS 1-10; and JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RULE 56(d) MOTION AND DENYING WIHTOUT PREJUDICE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 4:23-cv-00081-DN-PK<br><br>District Judge David Nuffer |

Plaintiff seeks to strike Defendants' Motion for Partial Summary Judgment ("PSJ Motion")[1] or, alternatively, to deny or defer ruling on the PSJ Motion until after the completion of discovery ("Rule 56(d) Motion").[2]

Because Plaintiff has identified probable facts that are unavailable to her, are in Defendants' possession or control, and which are needed to materially rebut Defendants' PSJ Motion, Plaintiff's Rule 56(d) Motion[3] is GRANTED. Defendants' PSJ Motion[4] is DENIED without prejudice. Defendants may refile their PSJ Motion, if appropriate, no sooner than thirty (30) days after the close of fact discovery.

---

[1] Motion for Partial Summary Judgment ("PSJ Motion"), docket no. 70, filed Sept. 2, 2025.

[2] Motion to Deny or, in the Alternative, Defer Ruling on Defendants' Motion for Summary Judgment ("Rule 56(d) Motion"), docket no. 71, filed Sept. 30, 2025.

[3] Docket no. 71, filed Sept. 30, 2025.

[4] Docket no. 70, filed Sept. 2, 2025.

## BACKGROUND

On September 27, 2023, Plaintiff initiated this case as a class action alleging that Defendants had violated the Fair Labor Standards Act ("FLSA") and various state laws.[5] Plaintiff alleges that Defendants, as owners or operators of Pizza Hut franchise stores, systematically under-reimbursed their delivery drivers for vehicle expenses and caused the drivers' effective wages to fall below the legally mandated minimum wage.[6]

Early in the litigation, the parties stipulated to a conditional certification of Plaintiff's FLSA claims as a class action and to the issuance of an opt-in notice to potential class members.[7] Since that time, more than 150 delivery drivers have consented to join the case as opt-in plaintiffs.[8]

On January 5, 2024, Plaintiff moved for class certification of her state law claims.[9] Plaintiff later served merits discovery on Defendants seeking information and documents related to Defendants' employment policies and the compensation paid to Defendants' delivery drivers

[5] Complaint, 1, docket no. 1, filed Sept. 27, 2023.

[6] *Id.* at 1, 13, 23–28, ¶¶ 1, 4, 90, 164–194.

[7] Stipulation as to Conditional Certification of FLSA Collective Action, docket no. 29, Jan. 5, 2024.

[8] Rule 56(d) Motion at 2; Notice of Consents to Join Action, docket no. 40, filed June 20, 2024; Notice of Consents to Join Action, docket no. 41, filed June 26, 2024; Notice of Consents to Join Action, docket no. 42, filed July 3, 2024; Notice of Consents to Join Action, docket no. 43, filed July 9, 2024; Notice of Consents to Join Action, docket no. 44, filed July 10, 2024; Notice of Consents to Join Action, docket no. 45, filed July 18, 2024; Notice of Consents to Join Action, docket no. 46, filed July 31, 2024; Notice of Consents to Join Action, docket no. 47, filed August 14, 2024; Notice of Consents to Join Action, docket no. 48, filed Aug. 20, 2024; Notice of Consents to Join Action, docket no. 49, filed Aug. 28, 2024; Notice of Consents to Join Action, docket no. 50, filed Sept. 11, 2024; Notice of Withdrawal of Consents to Join Action, docket no. 62, filed Apr. 2, 2025; Notice of Consents to Join Action, docket no. 68, filed May 14, 2025; Notice of Consents to Join Action, docket no. 91, filed Dec. 17, 2025; Notice of Consents to Join Action, docket no. 92, filed Dec. 23, 2025; Notice of Consents to Join Action, docket no. 93, filed Dec. 31, 2025; Notice of Consents to Join Action, docket no. 94, filed Jan. 8, 2026; Notice of Consents to Join Action, docket no. 95, filed Jan. 15, 2026; Notice of Consents to Join Action, docket no. 96, filed Jan. 22, 2026; Notice of Consents to Join Action, docket no. 97, filed Jan. 29, 2026; Notice of Consents to Join Action, docket no. 98, filed Feb. 5, 2026; Notice of Consents to Join Action, docket no. 99, filed Feb. 12, 2026; Notice of Consent to Join Action, docket no. 111, filed June 9, 2026; Notice of Consent to Join Action, docket no. 113, filed Oct. 14, 2026.

[9] Motion for Rule 23 Class Certification, docket no. 30, filed Jan. 5, 2024.

("Discovery Requests").[10] Plaintiff sought from Defendants, among other information and documents:

- lists of delivery drivers employed since September 27, 2020;
- for those delivery drivers listed, the location(s) worked, wage rate(s) paid, number of hours worked each pay period, wages received, reimbursement payments, deliveries completed (with addresses), and miles driven;
- documents related to automobile expenses reimbursed, including whether delivery drivers provided their own vehicles, if they were reimbursed, and the method and policies for automobile expense reimbursement; and
- other documents related to policies, audits, studies, evaluations, and employee data.[11]

Defendants did not provide substantive responses to Plaintiff's Discovery Requests.[12] Instead, Defendants raised blanket objections and asserted that a decision on class certification was necessary before response: "Whether or not class certification is approved by this Court will have a significant impact on the discovery process and substance."[13] Then, without waiting for a determination on Plaintiff's class certification motion, Defendants filed their PSJ Motion seeking dismissal of Plaintiff's individual FLSA claims.[14] As evidentiary support for their PSJ Motion, Defendants submitted some of the information and documents that would have been responsive to Plaintiff's Discovery Requests, but which they refused to provide to Plaintiff.[15]

---

[10] Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission to MP2 Enterprises, LLC ("Discovery Requests"), docket no. 71-1, filed Sept. 30, 2025.

[11] *Id.* at 7, 11–18.

[12] Defendant MP2 Enterprises, LLC's Answers to Plaintiff's First Set of Discovery Requests ("Response to Discovery Requests"), docket no. 71-2, filed Sept. 30, 2025.

[13] *Id.* at 2.

[14] PSJ Motion at 8-12.

[15] Pay Statements, docket no. 70-2, filed Sept. 2, 2025; Driver Dispatch/Cash Audit Reports, docket no. 70-3, filed Sept. 2, 2025.

In response to Defendants' PSJ Motion, Plaintiff filed her Rule 56(d) Motion seeking to strike the PSJ Motion or, alternatively, to deny or defer a ruling on the PSJ Motion pending the completion of discovery.[16] Plaintiff contests the accuracy of the evidence Defendants submitted with their PSJ Motion—specifically, the accuracy and completeness of Defendants' mileage calculations.[17] Plaintiff also contests whether Defendants' wage calculations accurately account for reimbursement of the actual expenses incurred by her and other delivery drivers.[18] Plaintiff asserts that substantive responses to her Discovery Requests are necessary for her to adequately respond to and oppose Defendants' PSJ Motion.[19] To support her Rule 56(d) Motion, Plaintiff attached a denied insurance claim related to a work-related automobile accident;[20] her own declaration;[21] and the declarations of four other delivery drivers of Defendants.[22]

On November 17, 2025, Plaintiff's class certification motion was granted[23] over Defendants' opposition.[24] Despite entry of the Certification Order, nothing in the record suggests that Defendants have amended or supplemented their Response to Plaintiff's Discovery Requests or provided the requested information and documents to Plaintiff.

---

[16] Rule 56(d) Motion at 1, 6.

[17] *Id*. at 7-9.

[18] *Id*. at 10.

[19] *Id*. at 11-12.

[20] Insurance Denial, docket no. 71-3, filed Sept. 30, 2025.

[21] Declaration of Rebecca Brandi-Vanmeter, docket no. 71-4, filed Sept. 30, 2025; Corrected Declaration of Rebecca Brandi-Vanmeter, docket no. 75, filed Oct. 9, 2025.

[22] Declaration of Raef Bishop, docket no. 71-5, filed Sept. 30, 2025; Declaration of Jaden Duncan, docket no. 71-6, filed Sept. 30, 2025; Declaration of Kilee Foreman, docket no. 71-7, filed Sept. 30, 2025; Declaration of Rebecca Adams, docket no. 71-8, filed Sept. 30, 2025.

[23] Memorandum Decision and Order Granting Motion for Rule 23 Class Certification ("Certification Order"), docket no. 90, filed Nov. 17, 2025.

[24] Response to Motion for Rule 23 Class Certification, docket no. 35, filed Feb. 2, 2024.

On July 23, 2026, the parties filed an Attorney Planning Meeting Report proposing a July 1, 2027, deadline for the close of fact discovery.[25]

## DISCUSSION

"The general principle of Rule 56([d]) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [their] opposition."[26] "Rule 56([d]) allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit [or declaration] that it lacks the facts necessary to oppose the motion."[27] "The [summary judgment] movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56([d])."[28]

"However, Rule 56[(d)] does not operate automatically."[29] "Its protections must be invoked and can be applied only if a party satisfies certain requirements."[30] To obtain relief, a Rule 56(d) motion must be accompanied and supported by affidavit or declaration.[31] And the nonmovant must demonstrate, with specificity, "why facts precluding summary judgment cannot be presented."[32] "This includes identifying the probable facts not available and what steps have been taken to obtain these facts."[33] [T]he nonmovant also must explain how additional time will enable [it] to rebut movant's allegations of no genuine issue of fact."[34]

---

[25] Attorney Planning Meeting Report at 5, ¶ 2.g., docket no. 112, filed July 23, 2026.

[26] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

[27] *Id.* (citing Fed. R. Civ. P. 56(d)).

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*; Fed. R. Civ. P. 56(d).

[32] *Id.* (quoting *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992)).

[33] *Id.* (quoting *Campbell,* 962 F.2d at 1522).

[34] *Id.* (quoting *Campbell,* 962 F.2d at 1522).

"Unless dilatory or lacking in merit, the [Rule 56(d)] motion should be liberally treated."[35]

**1. Facts essential to justify a response or opposition to Defendants' PSJ Motion are unavailable to Plaintiff**

Plaintiff asserts that essential facts for responding to Defendants' PSJ Motion are unavailable and "would require [her] to rely on an untested Declaration of Defendant Bryant Peterson."[36] Specifically, Plaintiff highlights that Mr. Peterson's declaration—which asserts she drove 6,736.1 miles during her employment—is supported only by "partially redacted documents," which Defendants refused to produce in response to her Discovery Requests.[37] Plaintiff contends that without complete substantive responses to her Discovery Requests. she lacks evidence of "where these documents came from, how they were generated, [or] where the miles [calculations] came from."[38]

Defendants acknowledge that it maintains mileage records for each driver.[39] The PSJ Motion summarizes Plaintiff's mileage and attaches redacted records Defendants used in making their wage calculations.[40] However, Defendants have not produced the complete, unredacted records to Plaintiff. And Defendants have not identified how the milage totals were formulated to permit Plaintiff to challenge Defendants' stated milage totals and wage calculations.

---

[35] *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quoting *Campbell,* 962 F.2d at 1522).

[36] Motion at 7.

[37] *Id.* at 8.

[38] *Id.*

[39] Errata to Defendants' Response to Motion to Strike, docket no. 84, filed Oct. 30, 2025.

[40] Declaration of Bryant Peterson in Support of Defendants' Motion for Partial Summary Judgment, docket no. 70-1, filed Sept. 2, 2025; Pay Statements; Driver Dispatch/Cash Audit Reports.

Discovery is necessary for Plaintiff to review and question the creation, accuracy, and completeness of her employment and milage records on which Defendants' PSJ Motion relies. This information and documentation is among the materials Plaintiff sought from Defendants in her Discovery Requests, and which Defendants refused to provider to her but, nevertheless, relied on in their PSJ Motion. Therefore, Plaintiff has sufficiently established that facts essential to justify a response and opposition to Defendants' PSJ Motion are unavailable to her.

**2. Plaintiff diligently pursued discovery for which there has been no substantive response**

Plaintiff also demonstrates reasonable justification for why the essential facts for responding to or opposing Defendants' PSJ Motion are unavailable to her. A Rule 56(d) declaration need not set forth evidentiary facts to prove the underlying claim; rather, "it must explain why facts precluding summary judgment cannot be presented." [41] Plaintiff's declaration, the declarations from Defendants' other delivery drivers, and Plaintiff's Discovery Requests—which were not substantively responded to by Defendants—satisfy this burden.

Plaintiff served formal Discovery Requests on Defendants seeking core records regarding wage computations, mileage logs, and expense tracking for delivery drivers. Defendants systematically objected to these requests and refused to produce the information and documents in their possession.[42] Despite withholding these requested merits discovery pending a determination on class certification, Defendants preemptively filed their PSJ Motion before the Certification Order entered. And now after entry of the Certification, Defendants have not amended or supplemented their responses to Plaintiff's Discovery Requests.

---

[41] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

[42] Response to Discovery Requests at 1-13.

The declarations supporting Plaintiff's Rule 56(d) Motion sufficiently detail how Defendants refusal to produce information and documents relating to delivery logs, address databases, and mileage tracking software leave Plaintiff unable to adequately respond to or oppose the facts presented as undisputed in Defendants' PSJ Motion.[43] Discovery of Defendants' unredacted delivery address databases, daily delivery logs, and mileage tracking software will also enable Plaintiff to calculate actual delivery miles, evaluate daily vehicle expenses to adequately respond to and oppose the PSJ Motion, and to establish her FLSA claims.[44]

Defendants' PSJ Motion relies on an "averaged" daily reimbursement rate to argue that Plaintiff's net compensation satisfies FLSA minimum wage requirements.[45] However, under FLSA principles, an employer must fully reimburse an employee for required "tools of the trade" (such as personal delivery vehicles) so that wages are paid "free and clear."[46] And recent persuasive authority rejects the theory that employers may pay a "reasonable approximation" of vehicle expenses, holding instead that the FLSA requires reimbursement of actual costs calculated "to the penny."[47] An employer also cannot shift its statutory duty to maintain accurate expense and mileage records onto its employees.[48] Therefore, access to Defendants' unredacted delivery address databases, daily delivery logs, and internal mileage software will enable

[43] Rule 56(d) Motion at 7–13; Declaration of Rebecca Brandi-Vanmeter; Declaration of Raef Bishop; Declaration of Jaden Duncan; Declaration of Kilee Foreman; Declaration of Rebecca Adams; Corrected Declaration of Rebecca Brandi-Vanmeter.

[44] *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983); *Scalia v. Paragon Contractors Corp.*, 957 F.3d 1156, 1161 (10th Cir. 2020).

[45] PSJ Motion at 8-10.

[46] 29 C.F.R. § 531.35; *West v. BAM! Pizza Mgmt., Inc.*, 814 F. Supp. 3d 1238, 1247 (D.N.M. 2026).

[47] *Parker v. Battle Creek Pizza, Inc.*, 95 F.4th 1009, 1016-18 (6th Cir. 2024); *West*, 814 F. Supp. 3d at 1243-1244.

[48] *West*, 814 F. Supp. 3d at 1243-1244.

Plaintiff to calculate actual delivery miles, evaluate daily vehicle expenses, and attempt to establish her FLSA claims.[49]

Because Plaintiff has identified probable facts that are unavailable to her, are in Defendants' possession or control, and which are needed to materially rebut Defendants' PSJ Motion, Plaintiff's Rule 56(d) Motion is GRANTED and Defendants' PSJ Motion is DENIED without prejudice.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Rule 56(d) Motion[50] is GRANTED and Defendants' PSJ Motion[51] is DENIED without prejudice. Defendants may refile their PSJ Motion, if appropriate, no sooner than thirty (30) days after the close of fact discovery.

Signed November 5, 2026.

BY THE COURT

David Nuffer
United States District Judge

[49] *Donovan*, 725 F.2d at 85-86; *Scalia*, 957 F.3d at 1163.

[50] Docket no. 71, filed Sept. 30, 2025.

[51] Docket no. 70, filed Sept. 2, 2025.