THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| REBECCA BRANDI-VANMETER, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MP2 ENTERPRISES, LLC; BRYANT PETERSON; LAYNE PETERSON; DOE CORPORATIONS 1-10; and JOHN DOES 1-10,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>Case No. 4:23-cv-00081-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Rebecca Bandi-Vanmeter seeks leave to file an amended complaint to add identified entities (previously, "Doe Corporations") as defendants and to add state law claims on behalf of the certified class ("Motion to Amend").[1] Defendants oppose the Motion to Amend arguing that the proposed amendments are futile because Utah lacks personal jurisdiction over the new defendant entity M2P Alaska, LLC ("MP2 Alaska"), and because MP2 Alaska's member entities—Dynamic Venture Specialists 1, LLC ("DVS1"), LBP Family, LLC ("LBPF"), and BLKTSJ, LLC ("BLKTSJ")—are not employers under the Fair Labor Standards Act ("FLSA").[2]

[1] Plaintiff's Motion for Leave to File First Amended Complaint ("Motion to Amend"), docket no. 100, filed Feb. 17, 2026.

[2] Defendants' Response to Plaintiff's Motion for Leave to Amend Complaint ("Response"), docket no. 101, filed Mar. 3, 2026.

Plaintiff's Motion to Amend[3] is GRANTED. The proposed amendments to the complaint are timely, justified, and will not cause undue prejudice to Defendants. The proposed First Amended Complaint[4] also alleges sufficient facts showing personal jurisdiction in Utah over MP2 Alaska, and that DVS1, LBPF, and BLKTSJ are FLSA employers.

## 1 Contents


2 DISCUSSION .......... 2
2.1 Plaintiff's Motion to Amend is timely, justified, and will not cause undue prejudice to Defendants .......... 2
2.2 The proposed First Amended Complaint is not futile .......... 3
2.2.1 Personal jurisdiction over MP2 Alaska is sufficiently alleged .......... 4
2.2.2 The proposed First Amended Complaint sufficiently alleges DVS1, LBPF, and BLKTSJ are FLSA employers .......... 9
3 ORDER .......... 12


## 2 DISCUSSION

Fed. R. Civ. P. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

### 2.1 Plaintiff's Motion to Amend is timely, justified, and will not cause undue prejudice to Defendants

Despite Plaintiff filing her Motion to Amend over two years into the litigation, the case remains in its early stages. This is because issues regarding class discovery and certification

[3] Docket no. 100, filed Feb. 17, 2026.

[4] Docket no. 100-1, filed Feb. 17, 2026.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (quoting *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)).

dominated the litigation's first two years.[7] Plaintiff identified the proposed new entity defendants in fall of 2025, through pre-certification class discovery.[8] And Plaintiff filed her Motion to Amend approximately ninety (90) days after class certification of her state law claims.[9] An initial scheduling order for the case has not yet entered because it was deferred pending a determination on class certification.[10] The parties have now proposed August 8, 2027, as the deadline for seeking to amend pleadings, and July 1, 2027, as the close of fact discovery.[11] Giving leave for Plaintiff to file her proposed First Amended Complaint should have no effect on these proposed deadlines, which are approximately nine months away.

Defendants do not argue the Motion to Amend is untimely, unjustified, or unduly prejudicial. Nor would such arguments be meritorious on this record. Plaintiff's Motion is timely, justified, and will not cause undue prejudice to Defendants.

### 2.2 The proposed First Amended Complaint is not futile

Defendants argue that Plaintiff's proposed amendments are futile because Utah lacks personal jurisdiction over MP2 Alaska, and because DVS1, LBPF, and BLKTSJ are not employers under the FLSA.[12] "[A] motion to amend [i]s futile if the proposed amendment would

---

[7] *See e.g.* Plaintiff's Motion for Conditional Certification of FLSA Collective Action, docket no. 17, filed Nov. 2, 2023; Plaintiff's Motion for Rule 23 Class Certification, docket no. 30, Jan. 5, 2024; Order Granting Conditional Certification of FLSA Collective Action, docket no. 39, filed May 15, 2024; Memorandum Decision and Order for Precertification Discovery of the Arbitration Agreements, docket no. 51, filed Jan. 16, 2025; Memorandum Decision and Order Granting in part and Denying in part Plaintiff's Motion to Set Briefing Schedule on the Impact of Defendants' Pre-Certification Discovery, docket no. 61, filed Mar. 28, 2025.

[8] Motion to Amend at 4.

[9] Memorandum Decision and Order Granting Plaintiff's Motion for Rule 23 Class Certification, docket no. 90, filed Nov. 17, 2025.

[10] Docket Text Order Denying as Moot Motion for Initial Scheduling Conference, docket no. 34, filed Jan. 17, 2024 ("Because several of the dates in the [Attorney Planning Meeting Report] are deferred until a ruling on the pending motion for class certification, the Cour twill wait to enter a scheduling order.").

[11] Attorney Planning Metting Report at 5, docket no. 112, filed July 23, 2026.

[12] Response at 3-8.

not withstand a motion to dismiss or if it otherwise fails to state a claim."[13] Thus, a proposed amendment's futility is analyzed under the standards of Fed. R. Civ. P. 12(b).[14]

### 2.2.1 Personal jurisdiction over MP2 Alaska is sufficiently alleged

"The [p]laintiff bears the burden of establishing personal jurisdiction over the defendant."[15] However, "[w]hen a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[16] Thus, "[i]n the preliminary stages of litigation . . . the plaintiff's burden is light."[17] "A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction."[18] But "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."[19] And all conflicting factual disputes are resolved in the plaintiff's favor.[20] "By considering documents outside the pleadings . . . the [district c]ourt does not convert the motion into one for summary judgment."[21]

The standard for determining personal jurisdiction in the State of Utah is collapsed into the federal due process standard for personal jurisdiction.[22] "[T]o exercise [personal] jurisdiction

---

[13] *Acker v. Burlington Northern and Santa Fe R. Co.*, 215 F.R.D. 645, 647 (D. Kan. 2003) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995); *Ketcham v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[14] *Id.*

[15] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal quotations omitted).

[16] *Id.*

[17] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[18] *1-800-Contacts, Inc. v. Memorial Eye, PA*, No. 2:08-cv-00983-TS, 2009 WL 1586654, *1 n.1 (D. Utah June 4, 2009).

[19] *Id.* (internal quotations omitted).

[20] *Id.*

[21] *Id.*

[22] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[23] There are two recognized types of personal jurisdiction that may allow this case to proceed—specific and general jurisdiction. Plaintiff's proposed First Amended Complaint sufficiently alleges both for MP2 Alaska under the Rule 12(b)(2) standard of review.

**General Jurisdiction**

General all-purpose jurisdiction pertains to "instances in which the continuous corporate operations within a state are so substantial and of such a nature as to justify suit *on causes of action arising from dealings entirely distinct from those activities*."[24] "[T]he inquiry . . . is not whether a foreign [entity]'s in-forum contracts can be said to be in some sense 'continuous and systematic,' it is whether that [entities]'s affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State."[25]

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there."[26] For an entity, like MP2 Alaska, "the place of [organization] or incorporation and the principal place of business are paradigm bases for general jurisdiction."[27] "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."[28]

---

[23] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[24] *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (internal quotations and punctuation omitted; emphasis in original).

[25] *Id.* at 138-39 (internal quotations and punctuation omitted).

[26] *Id.* at 137.

[27] *Id.* (internal quotations and punctuation omitted).

[28] *Id.*

Plaintiff alleges that MP2 Alaska is an Alaska domestic limited liability company that has its principal place of business in Hurricane, Utah.[29] Defendant disputes that MP2 Alaska's principal place of business is in Utah through the declaration of Defendant Bryant Peterson, who is a member and manager of MP2 Alaska.[30] However, Plaintiff submitted MP2 Alaska's organizational documents, which support her allegations of MP2 Alaska's organizational structure.[31] Resolving this factual dispute in Plaintiff's favor, as must be done under the standard of review for Rule 12(b)(2),[32] Plaintiff has alleged sufficient facts for a prima facie showing that Utah has general personal jurisdiction over MP2 Alaska. And the proposed First Amended Complaint is not futile in this respect.

**Specific Jurisdiction**

"Specific [personal] jurisdiction . . . depends on an affiliation between the forum and the underlying controversy[.]"[33] For specific jurisdiction, the "minimum contacts" standard requires, "first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities."[34]

The "purposeful direction" doctrine is to ensure that an out-of-state defendant is not required to defend in a forum state on the basis of "random, fortuitous, or attenuated

[29] First Amended Complaint ¶ 26 at 5.

[30] Declaration of Bryant Peterson in Support of Motion for Partial Summary Judgment ("Peterson Declaration") ¶¶ 4-11 at 2-3, docket no. 101-1, filed Mar. 3, 2026.

[31] Articles of Organization, docket no. 108-2, filed Apr. 15, 2026; 2026 Biennial Report, docket no. 108-3, filed Apr. 15, 2026.

[32] *1-800-Contacts, Inc.*, 2009 WL 1586654, *1 n.1.

[33] *Goodyear Dunlop Tires Ops., SA v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).

[34] *Dudnikov*, 514 F.3d at 1071.

contacts[.]"[35] The Supreme Court has reasoned that a defendant has "purposefully directed" actions at a forum state when the defendant's (1) intentional actions, (2) were expressly aimed at the forum state, with (3) the knowledge that the "brunt of the harm" would be felt in the forum state.[36] This analysis is commonly referred to as the "effects test."[37]

The focus of this analysis is on "the relationship among the defendant, the forum, and the litigation," not the relationship between the defendant and the plaintiff or other third parties within the forum.[38] In other words, while "a defendant's contacts with the forum State may be intertwined with [its] transactions or interactions with the plaintiff or other parties . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for [specific personal] jurisdiction."[39] "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum."[40] "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the States."[41]

"The Tenth Circuit has not conclusively established a method to determine whether a claim 'arise[s] out of' a non-resident defendant's forum-related conduct, but has identified two

---

[35] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[36] *Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

[37] *Younique, LLC v. Youssef*, No. 2:15-cv-00783-JNP, 2016 WL 6998659, *7 (D. Utah Nov. 30, 2016).

[38] *Walden v. Fiore*, 134 S.Ct. 1115, 1121-1122 (2014) (internal quotations omitted).

[39] *Id*. at 1123.

[40] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1781 (2017) (internal quotations and punctuation omitted).

[41] *Id*.

possible tests that courts may employ."[42] "The first is a 'but-for' causation test and the second is characterized as a 'proximate cause' test."[43]

> Under the former approach, any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction. The latter approach, by contrast, is considerably more restrictive and calls for courts to examine[] whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim.[44]

But "both tests require a 'true causal element' between defendants' forum contacts and the litigation."[45]

Plaintiff alleges Defendant Bryant Peterson is member and manager of MP2 Alaska, and that he makes MP2 Alaska's organizational, financial, and day-to-day operational decisions from its principal place of business in Hurricane, Utah.[46] Plaintiff alleges that these decisions include the business of operating Pizza Hut stores in Arizona, Utah, Nevada, and Alaska.[47] Specifically, Plaintiff alleges MP2 commands where, when, and how much labor is performed by delivery drivers at Defendants' Pizza Hut stores,[48] including the terms and conditions of employment, and the policies, practices, and procedures relating to payment of minimum wages, and reimbursement of automobile expenses.[49] Plaintiff further alleges that these operational decisions include control, oversights, and direction of hiring, firing, disciplining, timekeeping, payroll,

---

[42] *Younique, LLC*, 2016 WL 6998659, *4 (citing *Dudnikov*, 514 F.3d at 1078).

[43] *Id*. (citing *Dudnikov*, 514 F.3d at 1078).

[44] *Dudnikov*, 514 F.3d at 1078 (internal quotations omitted).

[45] *Express Servs., Inc. v. King*, No. CIV-15-1181-R, 2016 WL 3172911, *9 (W.D. Okla. June 6, 2016) (quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013)).

[46] First Amended Complaint ¶ 26 at 5, ¶ 28 at 5, ¶ 82 at 12, ¶¶ 84-86 at 12-13.

[47] *Id*. ¶¶ 29-30 at 5-6, ¶ 33 at 6, ¶ 37 at 7, ¶¶ 91-95 at 14.

[48] *Id*. ¶¶ 31-32 at 6, ¶ 83 at 12.

[49] *Id*. ¶¶ 34-35 at 6, ¶ 87 at 13.

reimbursements, pay rates, deductions, and other practices relating to delivery drivers at Defendants' Pizza Hut stores.[50]

Defendant again attempts to dispute Plaintiff's allegations regarding the management and operations of MP2 Alaska through the declaration of Bryant Peterson.[51] But Plaintiff has submitted a MP2 Alaska PPP loan application[52] and Defendant MP2 Enterprises, LLC Pizza Hut franchisee marketing[53] and policy manual,[54] which support her allegations of a purposefully directed collective management of Defendant entities, including MP2 Alaska, from a location in Utah. Resolving this factual dispute in Plaintiff's favor, as required under the Rule 12(b)(2) standard of review,[55] Plaintiff has alleged sufficient facts to show an affiliation and causal nexus between Defendant's activities in Utah and Plaintiff's causes of action to support specific personal jurisdiction over MP2 Alaska. And the proposed First Amended Complaint is not futile in this respect.

#### 2.2.2 The proposed First Amended Complaint sufficiently alleges DVS1, LBPF, and BLKTSJ are FLSA employers

Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[56] Causes of action must be supported by sufficient, well-pleaded facts to be plausible on their face.[57] In reviewing the complaint, factual allegations are accepted as true and reasonable inferences are drawn in a light

---

[50] *Id.* ¶ 36 at 6, ¶¶ 88-90 at 13.

[51] Peterson Declaration ¶¶ 5-21 at 4.

[52] Docket no. 108-5, filed Apr. 15, 2026.

[53] Docket no. 108-6, filed Apr. 15, 2026.

[54] Docket no. 108-7, filed Apr. 15, 2026.

[55] *1-800-Contacts, Inc.*, 2009 WL 1586654, *1 n.1.

[56] Fed. R. Civ. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[57] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

most favorable to the plaintiff.[58] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[59] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[60]

Rather than addressing the sufficiency of Plaintiff's allegations, Defendants' argument that DVS1, LBPF, and BLKTSJ are not employers under the FLSA relies solely on disputing Plaintiff's factual allegations through the declaration of Defendant Bryant Peterson.[61] But, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[62] The fact based arguments Defendants raise regarding DVS1, LBPF, and BLKTSJ are issues that are properly resolved on summary judgment or at trial.

The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee."[63] The Tenth Circuit uses an economic reality test to determine whether a party is an "employer" under the FLSA.[64] This test "includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and

---

[58] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[59] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[60] *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 Fed. App'x 43, 47 (10th Cir. 2021) (internal punctuation omitted).

[61] Response at 1-3, 7-8; Peterson Declaration ¶¶ 13-21 at 3-4.

[62] *Sullivan*, 844 Fed. App'x at 47 (internal quotations omitted).

[63] *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (quoting 29 U.S.C. § 203(d)).

[64] *Id.*

method of payment, and maintains employment records."[65] "[C]ourts generally look at (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business."[66] "None of the factors alone is dispositive; instead, the court must employ a totality-of-the-circumstances approach."[67]

Plaintiff's proposed First Amended Complaint alleges that DVS1, LBPF, and BLKTSJ suffer or permit delivery drivers to work;[68] can command where, when, and how much labor is performed by the delivery drivers;[69] and have substantial control over the delivery drivers' working conditions and employment policies and practices, including hiring, firing, disciplining, timekeeping, payroll, pay rates, and reimbursement of automobile expenses.[70] Plaintiff further alleges that DVS1, LBPF, and BLKTSJ do these activities through the collective management and decision making of Defendant entities by Defendant Bryant Peterson.[71] These allegations are sufficient to plausibly state that DVS1, LBPF, and BLKTSJ are FSLA employers. And the proposed First Amended Complaint is not futile in this respect.

---

[65] *Id*.

[66] *Id*.

[67] *Id*. at 1441.

[68] First Amended Complaint ¶ 43 at 7, ¶ 57 at 9, ¶ 73 at 11.

[69] *Id*. ¶ 46 at 8, ¶ 61 at 9, ¶ 74 at 11.

[70] *Id*. ¶¶ 47-50 at 8, ¶¶ 62-65 at 10, ¶¶ 75-78 at 11-12.

[71] *Id*. ¶ 28 at 5, ¶¶ 82-97 at 12-14.

## 3 ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint[72] is GRANTED. By no later than November 17, 2026, Plaintiff must file the First Amended Complaint[73] that is attached to her Motion to Amend Complaint.

Signed November 10, 2026.

BY THE COURT

David Nuffer
United States District Judge

[72] Docket no. 100, filed Feb. 17, 2026.

[73] Docket no. 100-1, filed Feb. 17, 2026.